## GLOSTON v. INDUSTRIAL LUMBER CO.,
### Inc., et al.
### No. 1414.

Court of Appeal of Louisiana. First Circuit.
March 4, 1935.

See, also, 158 So. 702.

Fern M. Wood, of Leesville, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee Industrial Lumber Co.

Modisette & Adams, of Jennings, for appellee Edmos Gloston.

ELLIOTT, Judge.

Elzena Gloston, mother of two children, to wit, Thelma, aged five, and Dorothy, aged three years, born of her marriage with Edmos Gloston, alleges that on or about January 2, 1933, her husband lost his life as a result of an accidental injury while performing services arising out of and incidental to his employment; that her children and herself were, at the time of his injury and at the time of his death, wholly and entirely dependent on him for support; that neither of them have any property or income; that her husband and herself had been estranged for a short while at the time of his death, on account of another woman; that her husband drove her, petitioner, away from the matrimonial domicile, telling her that he had found another woman of whom he thought more than he did of her and did not want her any more, and was living with this other woman in open adultery at the time of his injury and death.

Her right to the compensation due by Industrial Lumber Company, Inc., is claimed for the joint benefit of her children and herself. She alleges that in January, 1933, Edmos Gloston, paternal grandfather of her children, was appointed their tutor; that said appointment was obtained by fraud and misrepresentation; that the appointment of a tutor was not necessary under the law and had no other purpose in view except to deprive her and her children of said compensation, and was null and void.

The purpose of her suit is to have the appointment of Edmos Gloston, as tutor of her children, decreed to be null and void, and to have recognized her right against Industrial Lumber Company, Inc., to the compensation due on account of her husband's death, at the rate of 65 per cent. of his daily wage of $2 for a period of 300 weeks, and ordered paid to her for the mutual benefit of herself and children.

Industrial Lumber Company, Inc., appeared and excepted to plaintiff's suit on the ground that her petition disclosed no right or cause of action; that plaintiff's suit, in so far as concerns the minors, was premature and plaintiff without authority or capacity to bring suit and stand in judgment, until the judgment appointing Edmos Gloston, their tutor, had been set aside. The exception of want of capacity to sue for the benefit of the minors and prematurity to that extent was sustained, but the exception to the action in so far as concerned the plaintiff personally was overruled.

Industrial Lumber Company, Inc., through its attorneys filed an answer. The answer admits that the minors Thelma and Dorothy were dependent on their father at the time of his injury and death, but denies that such was the case with the plaintiff.

It denies that the plaintiff was living with or dependent on her husband at the time of his injury and at the time of his death, and alleges that she was living with and dependent on another man at that time and for several months prior thereto. The validity and propriety of the appointment of the paternal grandfather as tutor of the minors is supported by the answer. The payment of the compensation due the minors to him is alleged, the existence of a situation under which it would be illegal for it to pay compensation due the minors to the mother, and it is denied that any is due to the mother.

Edmos Gloston appeared by his attorney and answered substantially, as had been done by Industrial Lumber Company, Inc., supporting the validity of his appointment as tutor, etc. There was judgment in favor of the defendants as prayed for.

Elzena Gloston has appealed.

Edmos Gloston, a negro man, employed by Industrial Lumber Company, Inc., as fireman and brakeman at $2 per day, was accidentally killed while engaged in the service of his employer. His father, grandfather of the children, was also named Edmos Gloston; father and son having the same name. Industrial Lumber Company, Inc., answering the appeal herein, prays that the exceptions which the lower court overruled be sustained and the suit dismissed. The brief of Industrial Lumber Company, Inc., contains an argument that the exceptions should have been all sustained and the suit dismissed; but in a later part of the same argues in effect that

the exceptions overruled might as well have been referred to the merits. An examination of the record shows that the exceptions might as well have been referred to the merits and acted on as forming part of the answer of Industrial Lumber Company, Inc. The record shows that nine months, lacking three days, elapsed after the death of Edmos Gloston before the grandfather was appointed tutor; that Industrial Lumber Company, Inc., admitted all along that it owed compensation to the children, and, so far as we can see, have not tried to escape paying them. Its agents endeavored to have a tutor appointed on the ground that the plaintiff, Elzena Gloston, was not living with her husband at the time of his injury and death, but was living with another man and was not dependent upon her husband. If such was the truth and fact, then the widow was not entitled to any compensation. There was none due, except to the minors, and that was less than the amount due when compensation was also due the widow. We can see no fault when Industrial Lumber Company, Inc., goes no further than to take steps to have the amount it was to pay the minors ascertained and fixed so that it would be safe to pay them.

■ The procedure fixed by statute for such a situation is found in Act No. 20 of 1914, § 18, subsection 1 (A) amended by Act No. 81 of 1930. In this case the procedure satisfied the requirements of the law, even if not strictly in conformity with the statutory requirements. In compensation suits the judge is not bound by technical rules of procedure, etc.

The law, Act No. 20 of 1914, § 8 (amended by Act No. 242 of 1928, p. 360), subsec. 2 (G), provides: "Where there is a surviving widow * * * and child or children, entitled to compensation, the compensation above described shall be paid entirely to the widow * * * for the common benefit of such widow * * * and child or children, and the appointment of a tutor not be necessary." But the widow is excluded by the facts developed in this case which do not permit her to come under the provisions of subsection 2 (K), which says: "No compensation shall be payable under this Section to a widow unless she be living with her deceased husband at the time of the injury and death, or be then actually dependent upon him for support."

In this connection we have before us the statement of the district judge in his reasons for judgment: "The record clearly shows that the plaintiff had abandoned her husband and was living in adultery with another man

and not dependent upon her husband at the time of his death." There is conflicting evidence on the subject of plaintiff's personal conduct after leaving her husband's house. The matter has received our consideration. For the sake of the argument, suppose the testimony of Edmos Gloston, grandfather, to be biased to the extent that we should look to other witnesses. There are a number of other witnesses, apparently not biased nor interested, whose testimony is even more damaging to her than that of Edmos Gloston. The testimony of Edmos Gloston appears to be credible and is supported by that of others not related to, nor connected with, the parties.

As for the plaintiff, her testimony has no support except that of relatives and connections, and her action in taking the children and leaving them where the father could. come and get them indicates that she did not desire to keep them, but preferred to turn them over to the care and keeping of the husband, living, it is true, with another woman.

■ The evidence supports the conclusion that the plaintiff was not dependent on her husband at the time of his injury and death and was not supported by him. Her testimony on this subject is not accepted as true. It follows under the law that the plaintiff was not entitled to any compensation. She did not come under the legal provisions quoted concerning widows living with their husbands. In such a situation the appointment of a tutor for the children was necessary and the paternal grandfather was a suitable person to appoint in order that the compensation due them might be paid to one entitled to receive it. The ground alleged in the petition, "and the appointment of a tutor not be necessary," contained under subsec. 2 (G) of Act No. 242 of 1928, as the reason why the appointment of the grandfather was null and void, is not a ground under articles of the Civil Code, Nos. 303, 304, for his exclusion or deprivation. But, even if the provision contained in Act No. 242 of 1928 could serve as grounds for his deprivation or exclusion, the payments made to the tutor under the authority of his appointment would be valid and the obligation discharged to the extent made. Civil Code, art. 2140.

■ Our appreciation of the evidence leads us to the conclusion reached by the district judge that the plaintiff is not entitled to any compensation as widow of Edmos Gloston; that the appointment of a tutor was necessary; that Edmos Gloston, paternal grandfather, was properly appointed as such; and

 

that the compensation due the minors to the extent paid has been properly paid to him.

Before closing this opinion, we find it necessary on our part to refer to certain language, which we do not quote, contained in the closing part of plaintiff's brief filed in this court, and to give expression to our strong disapproval of the same. While the language used is not abusive or in contempt of this court nor of the lower court, it is impertinent, unargumentative, and highly improper as an argument in a court of justice. Such language is not conducive to a correct determination of any of the issues before us, helps in no way whatever, and is beneath the dignity with which the court should be approached in the presentment of a case.

Judgment affirmed.

MOUTON, J., not participating.